IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| MELINDA SCOTT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 2:17-cv-6 |
| ) | |
| WISE COUNTY DEPARTMENT OF ) | |
| SOCIAL SERVICES ) | |
| ) | |
| and ) | |
| ) | |
| NORTON CITY DEPARTMENT OF ) | |
| SOCIAL SERVICES ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS

Defendant Wise County Department of Social Services ("Wise DSS"), by counsel, submits this memorandum in support of its motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

The Plaintiff in support of her claims states as follows. "On October 31, 2016, November 9, 2016, and March 6, 2017 Wise County Department of Social Services refused to supply me with a search warrant in order to enter my place of residence." (Compl. ¶ 6.b., ECF No. 1.) "Wise County Social Services attempted to use fear and intimidation in order to get me to open the door and grant them entry into my home." (*Id* at ¶ 6.c.) "Wise County Social Services searched my home for frivolous and unreasonable allegations." (*Id*. at ¶ 6.d.) "Wise County Social Services investigated me for asserting my religious liberties." (*Id*. at ¶ 6.e.)

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to (the complaint's) legal conclusions." *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir.1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only after a claim is stated adequately may it then "be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

In order for Plaintiff's claims to survive dismissal, the Plaintiff must "allege facts sufficient to state all the elements of her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). The Supreme Court requires that the Plaintiff provide the grounds of her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

# ARGUMENT

## I. DEFENDANT WISE DSS IS *NON SUI JURIS* AND CANNOT BE SUED IN ITS OWN CAPACITY

Wise DSS is *non sui juris*. It is an operating department governed by the county, and an operating division of a governmental entity cannot be sued unless the legislature has vested the operating division with the capacity to be sued. *Harrison v. Prince William County Police Dep't*, 640 F. Supp. 2d 688 (E.D. Va. 2009); *Whitlock v. Street*, 2012 U.S. Dist. LEXIS 120795, at *14 (E.D. Va. Aug. 24, 2012) (holding that the Chesterfield Department of Mental Health, as an operating division of a governmental entity, could not be sued unless the legislature vested the operating division with the capacity to be sued); *see also Davis v. City of Portsmouth*, 579 F. Supp. 1205, 1210 (E.D. Va. 1983), *aff'd* 742 F.2d 1448 (4th Cir. 1984).

Because Wise DSS is simply an operating department of the county, it cannot be sued in its own name. The Plaintiff's claim against Wise DSS fails as a matter of law. Accordingly, the Plaintiff's claims against Wise DSS must be dismissed with prejudice

## II. THE COMPLAINT FAILS TO ESTABLISH A CONSTITUTIONAL VIOLATION OR IMPUTE LIABILITY TO WISE DSS

Without expressly stating it, the Plaintiff is pursuing a § 1983 claim against Wise DSS for violations of her First and Fourth Amendment rights. However, the Plaintiff's Complaint fails to state a constitutional violation or that liability for any constitutional violation can be imputed to Wise DSS.

The Plaintiff's allegations against Wise DSS are either legal conclusions or facts that do not establish a constitutional violation. She states that on October 31, 2016, November 9, 2016 and March 6, 2016 Wise DSS "refused to supply [her] with a search warrant in order to enter [her] place of residence." (Compl. ¶ 6.b., ECF No. 1.) Wise DSS "**attempted** to use fear and intimidation in order to get [her] to open the door and grant them entry into my home." (*Id*. at ¶

3

6.c.(emphasis added).)  These facts do not establish a constitutional violation.  Meanwhile, the remaining allegations are legal conclusions.  The Plaintiff states that Wise DSS "searched [her] home for frivolous and unreasonable allegations" and that it "investigated [her] for asserting [her] religious liberties."  (*Id*. at ¶ 6.d, e.)   These allegations are insufficient as a matter of law to establish that the Plaintiff suffered a constitutional violation.

The Plaintiff has also failed to establish that Wise DSS can be held liable for any of the alleged constitutional violations.  "Only in cases where the municipality causes the deprivation 'through an official policy or custom' will liability attach" to the municipality.  *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. Va. 2003).  The Plaintiff can establish an official policy or custom in the following ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest [s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a "custom or usage with the force of law.

*Id.*

The Plaintiff's complaint provides no facts to support or establish any of those four required methods.  Therefore, the Plaintiff's complaint fails as a matter of law and should be dismissed with prejudice.

4

Respectfully submitted,

WISE COUNTY DEPARTMENT OF SOCIAL
SERVICES

/s/
Christopher S. Dadak (VSB # 83789)
GUYNN & WADDELL, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: christopherd@guynnwaddell.com
*Counsel for Wise Co. Dept. of Social Services*

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document the Plaintiff appearing *pro se*:

>Melinda Scott
>2014PMB87
>PO Box 1133
>Richmond, Virginia 23218

/s/
Christopher S. Dadak (VSB # 83789)
GUYNN & WADDELL, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: christopherd@guynnwaddell.com
*Counsel for Wise Co. Dept. of Social Services*