IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| MELINDA SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17CV6 |
| | ) |
| WISE COUNTY DEPARTMENT OF | ) |
| SOCIAL SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Norton Department of Social Services (Norton DSS) submits the following memorandum in support of its motion to dismiss the Complaint. Fed. R. Civ. P. 12(b)(6).

**I.    STATEMENT OF THE CASE**

Plaintiff Melinda Scott filed a Complaint on March 31, 2017, naming as parties the Wise County Department of Social Services and the Norton DSS. No individuals are named as defendants. The basis set forth in the Complaint for jurisdiction is listed as a "government defendant." The statement of the claims consists of an allegation that

> On August 31, 2016, the Norton City Department of Social Services entered my resident through the back door without a search warrant thus violating my Fourth Amendment rights.

The plaintiff further alleges that

2

> The actions of Norton City Social Services are a violation of my Fourth Amendment Rights.

In addition, the plaintiff alleges generally that

> Their actions constitute harassment, the willful infliction of emotional distress, grief, inconvenience and religious discrimination.

Scott seeks damages and what could be construed as an injunction. The plaintiff has also asserts various claims against the Wise County Department of Social Services regarding a search warrant but also involving the claim that she was investigated for exercising her religious liberties.

For the reasons stated below, this Court should dismiss the Complaint and all claims against the Norton DSS for several reasons. As an initial matter, the Norton DSS is a department created under state law and does not have the capacity to sue or be sued. In addition, this Court is without subject matter jurisdiction because the plaintiff has failed to adequately identify a basis for jurisdiction. Finally, the plaintiff's allegations are insufficient to state any cognizable claim against Norton DSS. Accordingly, this Court should dismiss the Complaint.

## II. LAW AND ARGUMENT

### A. Standard of Review

Under Rule 12(b)(6), a court generally accepts all factual allegations as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court does not have to accept legal conclusions or a "'formulaic recitation of the elements of a cause of action.'" *Id.* at 1949

3

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Were it otherwise, Rule 12(b)(6) would serve no function, for its purpose is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint." *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991), *cert. denied*, 503 U.S. 936 (1992).

When reviewing alleged facts in the light most favorable to the plaintiff, "it is not, however, proper to assume that the [plaintiff] can prove facts that it has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (citations omitted).

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court held that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. A complaint is insufficient if it offers only "labels and conclusions", "a formulaic recitation of the elements of a cause of action", or "tenders 'naked assertions' devoid of 'factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court further stated that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted.) Facial plausibility occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." *Id.* Legal conclusions "must be supported by factual allegations." *Id.* at 1950.

### B. *The Norton DSS is improperly named as a party*

The Plaintiff complains of actions committed by the Norton DSS. However, Norton DSS is an entity created by the General Assembly under Virginia law. As a creature of state law, it is improperly named as a party. Accordingly, the Complaint should be dismissed. *See Bockes v. Fields*, 798 F. Supp. 1219 (W.D. Va. 1992) (discussing the statutory structure of a local department of social services).

Because the Norton DSS is not an entity subject to suit, and does not have the capacity to sue or be sued, it should be dismissed as a party. *See Whitlock v. Street,* 2012 U.S. Dist. LEXIS 120795 at *14 (E.D. Va. Aug. 24, 2012). Whether an operating division of a governmental entity has the capacity to be sued is a question of the forum state's law. Fed. R. Civ. P. 17(b)(3). Under Virginia law, a division of a governmental entity does not have the capacity to be sued unless the legislature vests it with such capacity. *Harrison v. Prince William Co. Pol. Dep't.,* 640 F.Supp.2d 688, 711 (E.D. Va. 2009).

There are no such legislative enactments granting or vesting the Norton DSS with the capacity to be sued. Accordingly, it is improperly named as a party and should be dismissed.

5

## C. This Court is Without Subject Matter Jurisdiction

The basis on which the plaintiff invokes this Court's subject matter jurisdiction is inaccurately set out in the Complaint. However, the face of the Complaint establishes that complete diversity of citizenship is absent as both the plaintiff and the Norton DSS, a defendant, are or would be citizens and residents of the Commonwealth of Virginia. Therefore, this Court is without diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. See *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

Federal question jurisdiction is not present either, despite references to the Constitution. 28 U.S.C. § 1331. Federal question jurisdiction requires that the plaintiff's Complaint raise issues and claims arising under federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing the well-pleaded complaint rule).

Plaintiff's mere reference to the Fourth Amendment to the U.S. Constitution is insufficient to create federal jurisdiction because that reference alone fails to state a federal question claim. Because the allegations of the Complaint are insufficient to state a claim for any constitutional deprivation, the Complaint should be dismissed.

It is the plaintiff's burden to prove the presence of subject matter jurisdiction. *Narragansett Elec. Co. v. Constellation Energy Commodities Grp., Inc.*, 526 F.Supp.2d 260, 268 (D.R.I. 2007). "Once challenged, the party invoking subject matter jurisdiction . . . has the burden of proving by a preponderance of the evidence the facts supporting jurisdiction." *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 50 (1st Cir. 1992).

6

Without such facts, without a viable, colorable underlying federal claim, and without complete diversity of citizenship, the Court should dismiss the Complaint.

### D.  The Complaint Fails to State a § 1983 Claim

To the extent the plaintiff purports to state a claim against the Norton DSS pursuant 42 U.S.C. § 1983, for a constitutional or federal law violation, the Complaint is inadequate and fails to state a claim for a number of reasons.

It is well established that in order to hold a local government liable, a plaintiff must plead and prove that the alleged deprivation was caused by a violation of a settled constitutional right and that the local government is liable under some recognized theory of direct fault. *McWilliams v. Fairfax Co. Board of Supervisors*, 72 F.3d 1191, 1193 (4th Cir. 1996), *cert. denied*, 519 U.S. 819 (1996) (citing *Collins v. City of Shaker Heights*, 403 U.S. 115 (1992)). It is equally well established that liability may not be imposed under any theory of vicarious liability. Principles of respondeat superior do not apply in imposing liability under 42 U.S.C. § 1983. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 692-94 (1978).

For the Norton DSS to be held liable under Section 1983, the plaintiff must plead and prove that an "action pursuant to official municipal policy [or custom] of some nature caused [the] constitutional tort," and only when that policy or custom is "the moving force of the constitutional violation" is the government entity liable. *Monell*, 436 U.S. at 694.  A policy is "a course of action consciously chosen from among various alternatives respecting basic governmental functions, as opposed to episodic exercises of

7

discretion in the operational details of government." *Spell v. McDaniel*, 824 F.2d 1380, 1386 (4th Cir. 1987) (internal quotation marks omitted). A custom exists when the "persistent and widespread" practices of government officials are "so permanent and well-settled as to [have] the force of law." *Id.* at 1386 (internal quotation marks omitted).

The Complaint contains no allegations regarding the purported policies of the Norton DSS. It is well settled that "isolated incidents" of unconstitutional conduct by subordinate employees are not sufficient to establish a custom or practice for § 1983 purposes. Rather, there must be 'numerous particular instances of unconstitutional conduct in order to establish a custom or practice.'" *Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999) and *Kopf v. Wing*, 942 F.2d 265, 269 (4th Cir. 1991)).

The Complaint fails to identify a specific policy or custom, other than generalized allegations that fail to include any facts. Consequently, the Complaint insufficiently alleges a basis for the Norton DSS to be held directly liable for the plaintiff's alleged injuries. For these additional reasons the Complaint should be dismissed.

> E. *The Complaint fails to state a claim under state law because any such claims are barred by the doctrine of sovereign immunity.*

It is unclear from the plaintiff's Complaint whether any claims are being asserted against the Norton DSS under state law. However, to the extent the plaintiff attempts to assert such claims, the Complaint fails to state a claim upon which relief should be granted.

Abingdon: 1013682-1

8

While the requirements of the Federal Rules direct that the allegations include a short and plain statement showing that the plaintiff is entitled to relief, Fed. R. Civ. P. 8(a), the Complaint must at a minimum identify facts which give rise to a claim and allow the defendant to frame a response. When viewed in the light most favorable to the plaintiff, the plaintiff's submissions are insufficient to set forth the legal elements of any state law claim. Therefore, the Complaint fails to set forth sufficient facts to support such a claim.

Assuming *arguendo that* the Complaint includes state law tort claims, they are barred under the doctrine of sovereign immunity. The Virginia Supreme Court has steadfastly affirmed that the doctrine of sovereign immunity is alive and well in the Commonwealth of Virginia. *Messina v. Burden*, 228 Va. 301, 307, 321 S.E.2d 657, 650 (1984). Under Virginia's doctrine of sovereign immunity, a municipality is protected from tort liabilities arising from the exercise of governmental functions. In determining whether the function is governmental or proprietary, the Virginia Supreme Court has held that a function is governmental if it is "directly tied to the health, safety and welfare of the citizens." *Edwards v. City of Portsmouth*, 237 Va. 167, 171, 375 S.E.2d 747, 750 (1989). "A governmental function usually involves the exercise of an entity's political, discretionary legislative authority." *First Virginia Bank-Colonial v. Baker*, 225 Va. 72, 301 S.E.2d 8 (1983).

Even if an intentional tort is committed by an employee of the city in performance of a governmental function, the city is nonetheless entitled to sovereign

immunity. *Niese v. City of Alexandria*, 264 Va. 230, 564 S.E.2d 127 (2002). While no individuals are named, a governmental entity, whether state or local, would nonetheless be entitled to sovereign immunity for any actions arising out of the operation of the Department of Social Services, a governmental entity. Accordingly, any such claims are barred and sovereign immunity deprives the Court of jurisdiction to entertain them.

### III.  CONCLUSION

For the reasons stated, the Norton DSS moves the Court to dismiss the Complaint.

                                    NORTON DEPARTMENT OF SOCIAL SERVICES

                                    By Counsel

W. Bradford Stallard
VSB No. 28149
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, Virginia  24212
Telephone:  276/628-5151
Facsimile:  276/623-1730
bstallard@pennstuart.com

By */s/ W. Bradford Stallard*
    W. Bradford Stallard

10

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Melinda Scott, P.O. Box 1133-2014PMB87, Richmond, VA 23218, pro se plaintiff.

                                                    */s/ W. Bradford Stallard*
                                                    W. Bradford Stallard