CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL - 6 2017

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

**IN THE WESTERN DISTRICT COURT OF VIRGINIA**
**BIG STONE GAP DIVISION**

| | | |
|---|---|---|
| **Melinda Scott,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CL NO 2:17CV6** |
| | ) | |
| **Wise County Department Of Social Services, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO STRIKE DEFENDANT WISE COUNTY DEPARTMENT OF SOCIAL SERVICES'S MOTION TO DISMISS**

Plaintiff, in response to Wise County Department of Social Service's Motion to Dismiss, moves this Honorable Court to strike the entire Motion to Dismiss on the following grounds: Wise County Department of Social Service's, by counsel, has made several erroneous claims regarding the Plaintiff's Complaint. The Plaintiff has followed proper federal procedures when drafting her original Complaint pleading. Plaintiff sets forth the following argument demonstrating both the erroneous claims made by the Defendant as well as the adequacy of her original Complaint proceeding:

1. Erroneous Claim No. 1: Defendant, by counsel, claims that the Plaintiff's pleading contains only legal conclusions, labels, conclusions, conclusory statements, a formulaic recitation of elements, threadbare recitals of the elements of a cause of actions, unwarranted inferences, unreasonable conclusions, unreasonable arguments, statements that are not beyond the speculative level, and statements that are not plausible. These are inaccurate labels misattributed to the Plaintiff's original Complaint.

a. The Defendant makes a sweeping generalization that all the Plaintiff's paragraphs are "legal conclusions". However, The Plaintiff has followed Rule 8 by making plain and concise statements which are operative facts. The Plaintiff has described actions, not formed legal conclusions. Violations of the First Amendment and

Fourth Amendment require words which can also touch on matters of law pertinent to forming legal conclusion. If there is no other alternate word available in English to describe an operative fact, the Plaintiff cannot be faulted for that. Even still, The Plaintiff has pleaded according to Rule 8.

The Plaintiff has not used Statutes and Case Law, as instructed by the *pro-se* litigant form required by the Court. The Defendant seeks to fault the Plaintiff's pleading by asking for <u>evidentiary facts</u>. In *Conley v. Gibson*, the US Supreme Court held that Rule 8 does not require "a claimant to set out in detail the facts upon which he bases his claim" (*Conley v. Gibson 355 US 41, 42 (1957*). The Defendant relies heavily on *Bell Atl. Corp v. Twombly* without regard to *Conley v. Gibson.* Yet *Bell Atl. Corp v. Twombly* did not overturn *Conley v. Gibson.* It simply cautioned lower courts from not using a literal understanding of the "no set of facts" language to the point of allowing new factual allegations to be made during discovery. In *Bell Atl. Corp v. Twombly* the Court cautions against isolating the passage "no set of facts" but nowhere does *Bell Atl. Corp v. Twombly* make *Conley v. Gibson* completely irrelevant.

In fact, asking for proof in a pleading is "unknown to the federal practice or to any other system of modern pleading" (King Vision v. Dimitri's Restaurant 180 FRD 332 (1998)). This requirement was upheld in *Bell Atl. Corp v. Twombly*. As long as there is a "reasonably founded hope that the [discovery] process will reveal relevant evidence" (*Bell Atl. Corp v. Twombly*) a Plaintiff's Complaint can proceed to the Answer and Discovery phase. Indeed, the Plaintiff "need not detailed factual allegations" because the "Plaintiff receives the benefit of imagination so long as the hypotheses are consistent with the Complaint" (*Bell Atl. Corp v. Twombly* quoting *Sanjuan v American Bd. of Psychiatry and Neurology, Inc., 40F. 3d 247, 251 (CA7 1994*)). Further, the Court elaborated to say that an original Complaint "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" (*Bell Atl. Corp v. Twombly*).

b. Nothing the Plaintiff has stated is a "label". A "label" would be "reckless" in a sentence like: "The Defendant is a "reckless" government agency". The Plaintiff has not written anything of that nature.

c. The Defendant makes another sweeping generalization that the Plaintiff's operative facts are "conclusions" and "conclusory statements". As stated above, the Plaintiff is bringing a First and Fourth Amendment violation pleading. The nature of those violations requires the use of terms which describe both actions as well as matters of law. However, the Plaintiff has not erred in doing so.

d. The Defendant has stated the Plaintiff's pleading is "a formulaic recitation of elements" with "threadbare recitals of the elements of a cause of actions supported by conclusory statements" (emphasis added). The Plaintiff denies either of those are true. Firstly, there is nothing "threadbare" about the Plaintiff's pleading. The Plaintiff has also followed Rule 10(b) which states that "A party must state its claims...in numbered paragraphs, each limited as far as practicable to a single set of circumstances". Each of the operative facts stated are in chronological order with a logical flow and sequence. They are stated in complete, grammatically correct sentences. Secondly, the Plaintiff does not support these factual allegations by "conclusory statements." These factual allegations are supported by evidentiary facts which the Plaintiff is not obligated to state in the original Complaint pleading. As stated above, the Plaintiff has stated concisely in accordance with Rule 8 without divulging (to her disadvantage) evidentiary facts which she is not obligated to do.

Defendant quotes *Ashcroft v. Iqbal* in support of these labels on the Plaintiff's pleading however, the Defendant is not using these terms in context. In *Ashcroft v. Iqbal* the Plaintiff stated his grievances with broad conceptual words that made it impossible for the Court to split his factual allegations from his legal conclusions because they were heavily interwoven in large paragraphs. The Plaintiff here is not using broad conceptual words nor complex paragraphs but rather describing plainly and simply operative facts which are actions done by the Defendant.

Likewise, the Defendant relies upon *Twombly* out of context to label the Plaintiff's pleading as a "formulaic recitation". *In Bell Atl Corp v Twombly* the Court uses this term "formulaic recitation" in context of *Papasan v. Allen*, drawing the conclusion that in a Plaintiff's effort to demonstrate grounds for the entitlement to relief "Courts are not

bound to accept legal conclusions couched as factual allegations" (*Bell Atl. Corp. v Twombly*). The Court was not baring pleadings that were not fancy enough but rather pleadings that are redundantly stating legal conclusions.

e. Nothing the Plaintiff has said is an unwarranted inference. The Plaintiff has respectfully stated each of the elements of her claim. An unwarranted inference would be: "they did this because they are on a personal Holocaust". The Plaintiff has not written anything of that nature.

f. Nothing the Plaintiff has said is an unreasonable conclusion. An unreasonable conclusion would be: "they did this because they don't like people who eat organic food". The Plaintiff has not written anything of that nature.

g. Nothing the Plaintiff has said is unreasonable argument. An unreasonable argument would have been "Wise County Department of Social Services is bound to Kantian ethics too". The Plaintiff has not written anything of this nature.

h. Nothing the Plaintiff has said is speculation. A speculation would have been: "Wise County Department of Social Services has this problem a lot". The Plaintiff has not written anything of this nature.

i. Contrary to what the Defendant claims, everything the Plaintiff has said is plausible. A statement that is not plausible would be: "On Christmas day Wise County Department of Social Services searched my home". That would not be plausible because it is known that government buildings are closed on Federal holidays. There are no contradictions or obvious implausible statements in the Plaintiff's pleading.

Citing *Bell Atl. Corp. v. Twombly*, the Court states that judicial decision calls for "a 'flexible plausibility standard' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible" (*Ashcroft v Iqbal*). The Plaintiff *pro-se* has met the plausibility standard by giving specific dates, locations, and specific actions. The Plaintiff has <u>shown</u> with specific facts pursuant to Rule 8 that she is entitled to relief. "A claim has facial

plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged" (*Ashcroft v Iqbal*). Further, "asking for plausible grounds...does not impose a probability requirement at the pleading stage (*Bell Atl Corp v Twombly*).

2. Erroneous Claim No. 2: Defendant, by counsel, claims that Wise County DSS is *non sui juris*. In support of that claim, Defendant quotes *Harrison v. Prince William County Police Dep't, Whitlock v. Street and Davis v. Portsmouth* to stress that the legislature must create the possibility of the government entity with the capacity to be sued. The Virginia Code creates each Department of Social Services with its own policy making power (Va Code 63.2-300, 63.2-313, 63.2-33.2 and 63.2-319). This is why Virginia also allows them to be served in lawsuits (Va Code 8.01-300). By Virginia Law, the decision making power and implementation of laws – including those which govern Child Protective Service investigations -- rests within each local Department of Social Services. Accordingly, the 4th District Court has heard such cases as *Vanessa Wilson v. Riverside County DSS, HSLDA v. Clarke County DSS, Cecil Moore v. Lee County DSS, and Renn v. Pitt County DSS*. In each of these cases, the Department of Social Services of a County was named a Defendant.

3. Erroneous Claim No. 3: Defendant, by counsel, claims that refusing to give a party a warrant and using fear and intimidation by a Department of Social Servies is not a Fourth Amendment violation. The US Supreme Court has ruled otherwise: "The basic purpose of this Amendment as recognized in countless decisions of this Court, is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials" (*Camara v. Municipal Court of City and County of San Francisco, 387 U.S. 523, 528, 87 S.Ct. 1727, 18L.Ed.2d. 930 (1967)*). Accordingly, several sister courts of the United States have taken up the issue of Social Services violating Fourth Amendment rights as a constitutional issue (*Doe v. Heck, 327 F 3d 492, 509 7th Cir. 2003, Roe v. Tex. Dept. of Pro.& Reg. Services, 537 F.3d 404, 420, 5th Cir. 2008, and Good v. Dauphin Co. Dept. of Social Services for Children and Youth, 891 F2d 1087, 1093-1094 3rd Cir. 1989).*

4. Erroneous Claim No. 4: The Defendant, by counsel, assumes that the use of the word "attempted" in the Plaintiff's claim infers that the Plaintiff is stating the Defendant was not successful in their "attempt[ed]" action. The Defendant has arbitrarily drawn this conclusion. The Defendant has added emphasis to the word "attempted" to draw this conclusion. However, that is an assumption which also leads the Defendant to wrongly state that a constitutional violation has not been committed. This element in the Plaintiff's pleading is necessary to establish whether a constitutional violation has occurred <u>without giving away evidentiary facts unnecessarily</u>. The US Supreme Court has stated that "only by analyzing all the circumstances of an individual consent that it can be ascertained whether....it was voluntary or coerced" (*Schneckloth v Bustamonte 412 US 218 (1973)*). Either by "explicit or implicit means, by implied threat or covert force" (*US v Watson 423 US 411, 96 S. Ct. 820, 46 L. Ed. 2d. 598 (1976)*).

5. Erroneous Claim No. 5: The Defendant, by counsel, claims that the Plaintiff has not imputed liability to DSS. The Plaintiff has specifically named "Wise County [Department] of Social Services" in her pleading as a Defendant. In doing so, the Plaintiff has purposely stated the allegations this way in order to attribute the operative facts and factual allegations of her pleadings to a collective group. Plaintiff purposely did not name the Wise County Department of Social Services Board members, nor a Supervisor, nor Social workers specifically by name. Because CPS investigations are a collective process involving multiple actions of people who are governed by local Department of Social Services policies and powers, the collective group is liable. The collective group acts on the decisions of multiple parties.

By bringing a suit against Wise County Department of Social Services, the Plaintiff is demonstrating that the Defendant is liable for their actions. It would superfluous for the Plaintiff to have to state "the Plaintiff believes they can be sued for this and are liable" in a direct manner. Notwithstanding, The Plaintiff has expanded on her belief they can be sued in the original Complaint pleading by stating "The actions of Wise County [Department] of Social Services are a violation of my First and Fourth Amendment Rights". By doing so, Plaintiff has stated that the Wise County Department of Social Services is liable. While this may be construed as a "legal conclusion", the

Plaintiff has not erred in doing so: "legal conclusions are a proper part of federal pleading" (*Neitzke v. Williams, 490 US 319, 325 (1989).* A civil complaint may legitimately "contain both factual allegations and legal conclusions" (*Neitzke v. Williams, 490 US 319, 325 (1989)*) and "they require a response" (*Saldana v. Riddle, No. 98 c2277, 1998 US Dist. LEXIS 9855, at *2, No. III June 25, 1998*).

Likewise, the Plaintiff anticipated demonstrating during Discovery the evidentiary facts that their actions fall under "an official policy or custom", an "omission to properly train officers that manifests deliberate indifference to the rights of citizens" and "through a practice so persistent and widespread as to constitute a custom or usage with the force of law". However, it is sufficient for the Plaintiff only to say "Wise County Department of Social Services" in the initial Complaint pleading. The Defendant is asking for evidentiary facts where the Plaintiff is not obligated to do so in the Complaint pleading. No court would expect a Plaintiff to state evidentiary facts in an original Complaint pleading, and rightly so. The Plaintiff pwould be at a disadvantage because the Defendant could alter testimony and destroy evidence in light of too much being said in the original Complaint. Accordingly, the Plaintiff has anticipated and reserved an in depth discussion on sovereign immunity and liability to the Discovery phase and Trial.

**WHEREFORE**, in consideration of the Plaintiff's statements above, the Plaintiff moves this Honorable Court to Strike all parts of the Defendant Wise County Department of Social Service's Motion to Dismiss and to compel the Defendant to give an answer in accordance with the Federal Rules of Civil Procedure.

I ASK FOR THIS

Melinda Scott, pro-se

PO BOX 1133-2014PMB87

Richmond, Virginia 23218

540.692.2342

mscottw@gmu.edu

## CERTIFICATE OF SERVICE

I, Melinda Scott, Plaintiff pro-se in the above named case, do state under Oath that I have mailed a copy of this Motion to Strike Defendant's Motion to Dismiss to the Defendant, by counsel to: Christopher S. Dadak, Guynn & Waddell, P.C., 415 S. College Avenue, Salem, Virginia, 24153 on this 29th day of June, 2017.

Respectfully,

Melinda Scott, pro-se

PO BOX 1133-2014PMB87

Richmond, Virginia

540.692.2342

mscottw@gmu.edu