IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| MELINDA SCOTT, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 2:17-cv-6 |
| | ) |
| WISE COUNTY DEPARTMENT OF | ) |
| SOCIAL SERVICES | ) |
| | ) |
| and | ) |
| | ) |
| NORTON CITY DEPARTMENT OF | ) |
| SOCIAL SERVICES | ) |
| | ) |
| Defendants. | ) |

WISE COUNTY DEPARTMENT OF SOCIAL SERVICES' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS

Defendant Wise County Department of Social Services ("Wise DSS"), by counsel, submits this memorandum in support of its motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

### A. Wise DSS is *Non Sui Juris*

The Plaintiff relies on Virginia Code Section 8.01-300 to argue that the Wise County DSS is not *non sui juris* and capable of being sued. However, the statute supports Wise DSS's position. The statute, in relevant part, provides:

> If the case be against any political subdivision, or any other public governmental entity created by the laws of the Commonwealth *and subject to suit as an entity separate from the Commonwealth*, then [service of process shall be] on the director,

---

[1] Wise DSS construes the Plaintiff's motion to strike as a response in opposition to its motion to dismiss. To the extent her pleading is considered a separate motion, it should be denied as the Plaintiff provides no legal basis to strike Wise County's motion. Notably, Rule 12 of the Federal Rules of Civil Procedure only provides that a court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and the Plaintiff does not argue that the motion to dismiss is redundant, immaterial, impertinent, or scandalous.

>commissioner, chief administrative officer, attorney, or any member of the governing body of such entity.

Va. Code Ann. § 8.01-300 (emphasis added).  As the statute explicitly notes, the entity must be "subject to suit."  Without an express statute, Wise DSS simply is not subject to suit separate from the Commonwealth.  For this simple reason, this suit against Wise DSS must be dismissed with prejudice.

### B. Plaintiff misconstrues federal pleading standard

The Plaintiff misconstrues the federal pleading standard and Wise DSS's arguments. Wise DSS does not contend it is improper to have any legal conclusions in a complaint, but simply that pursuant to *Iqbal* and *Twombly* such conclusions on their own are insufficient to survive a motion to dismiss.  Contrary to the Plaintiff's argument, *Twombly* and *Iqbal* did abrogate *Conley v. Gibson*, 355 U.S. 41, 42 (1957), and the authorities pre-dating *Twombly* and *Iqbal* cited by the Plaintiff are no longer applicable. *See Brock v. U.S. Steel Corp.*, 2010 U.S. Dist. LEXIS 6834, *2, 2010 WL 405620 (N.D. Ind. Jan. 27, 2010) (stating that *Twombly* "abrogated the rule established in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)")); *Slomnicki v. City of Pittsburgh*, 2009 U.S. Dist. LEXIS 104116, *4, 2009 WL 3748002 (W.D. Pa. Nov. 5, 2009) ("[T]he Defendants' proffered Standard of Review incorporates the *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) 'relief under any set of facts' standard. That standard has been rejected by the Supreme Court and has been replaced . . . .")

"A claim has facial plausibility *when the plaintiff pleads factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (emphasis added).  The Plaintiff simply has not pled any facts besides the date and the identity of the

parties.  "[A]ttempt[ing] to use fear and intimidation" is not a fact but a conclusion.  (*See* Compl. ¶ 6.c.).  Similar, alleging that Wise DSS "searched [Plaintiff's] home for frivolous and unreasonable allegations" is not a fact but a legal conclusion or an opinion. (*See* Compl. ¶ 6.d.)  Finally, the Plaintiff's allegation that Wise DSS "investigated [Plaintiff] for asserting [her] religious liberties" is also a legal conclusion or opinion.  (*See* Compl.¶ 6.e.)  The Plaintiff has only alleged the conclusions she wants the court to accept, but has failed to allege any facts that can support the conclusions or inferences as required by *Iqbal* and *Twombly*.

### C.  No facts supporting official policy or custom

The Plaintiff's misunderstanding of the federal pleading standard results in her Complaint's fatal deficiency in establishing liability against Wise DSS.  The Plaintiff appears to argue that simply naming Wise DSS as the defendant is sufficient.  (*See* Pl.'s Resp. in Opp., at 7, ECF No. 31 ("However, it is sufficient for the Plaintiff only to say 'Wise County Department of Social Services' in the initial Complaint pleading."))  The Plaintiff states that she "anticipated demonstrating during Discovery the evidentiary facts" establishing liability under one of the prongs of official policy or custom enumerated in *Lytle v. Doyle*.  (*Id.*)  As the previous discussion of *Iqbal* and *Twombly* demonstrates, while the Plaintiff does not have to plead *all* of the facts she must allege sufficient facts establishing Wise DSS's liability through an official policy or custom. *See, e.g.*, *Johnson v. Dep't of Alcoholic Bev. Control*, 2016 U.S. Dist. LEXIS 172423, *26 (W.D. Va. Dec. 12, 2016) ("When pleading a § 1983 violation through an omission, a plaintiff must point to a persistent and widespread practice of municipal officials, the duration and frequency of which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their deliberate indifference.") (internal quotation marks and citations omitted); *Saub v. Phillips*, 2017 U.S. Dist. LEXIS 66245, *11 (E.D. Va. May

1, 2017) ("For [Plaintiff] to state a claim against Isle of Wight County, *he must allege facts suggesting that Isle of Wight County deprived him of a constitutional right through an official policy or custom.*") (emphasis added); *RM v. Charlotte-Mecklenburg Cty. Bd. of Educ.*, 2017 U.S. Dist. LEXIS 73582, *16-17 (W.D.N.C. May 15, 2017) ("The Plaintiffs have *failed to provide any factual allegations* to support their claim that the Defendant Board implemented a policy that caused the alleged deprivation of the Plaintiffs' Fifth and Fourteenth Amendment rights.") (emphasis added).

CONCLUSION

For the reasons discussed here and in Wise DSS's original memorandum in support of its motion to dismiss, the Plaintiff's complaint fails to state a claim upon which relief may be granted. As a matter of law, the action against Wise DSS should be dismissed with prejudice.

Respectfully submitted,

WISE COUNTY DEPARTMENT OF SOCIAL SERVICES

/s/
Christopher S. Dadak (VSB # 83789)
GUYNN & WADDELL, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: christopherd@guynnwaddell.com
*Counsel for Wise Co. Dept. of Social Services*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will provide electronic service on counsel of record, and I hereby certify that I have mailed by United States Postal Service the foregoing document to the Plaintiff appearing *pro se*:

>Melinda Scott
>2014PMB87
>PO Box 1133
>Richmond, Virginia 23218

/s/
Christopher S. Dadak (VSB # 83789)
GUYNN & WADDELL, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: christopherd@guynnwaddell.com
*Counsel for Wise Co. Dept. of Social Services*