IN THE WESTERN DISTRICT COURT OF VIRGINIA
BIG STONE GAP DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL 19 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

Melinda Scott,              )
                            )
Plaintiff,                  )
                            )
v.                          )       CL NO 2:17CV6
                            )
Wise County Department      )
Of Social Services, et al., )
                            )
Defendant.                  )


**PLAINTIFF'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO STRIKE**


Plaintiff, contends the following in support of her Motion to Strike:

A.  Defendant claims Plaintiff's Motion to Strike is a "Response" not a "Motion to Strike". However, according to Rule 12(f), it states: "The court may strike from a pleading an <u>insufficient defense</u> <u>or</u> any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). Special emphasis added to the word "or": a Motion to Strike under Rule 12 needs either but not both elements to be considered a Motion to Strike. The Plaintiff has certainly stated in her "Motion to Strike" that the Defendant's statements are <u>insufficient</u> in many ways. Further, Rule 12(f)(2) states the court may strike via a "motion made by a party...". Plaintiff perceives that the Defendant seeks to obstruct justice by throwing at the Plaintiff any defense whatsoever so as to fatigue the Plaintiff out of pursuing the case, in violation of Rule 1, which says the Purpose of the Rules is to "secure the

just, speedy, and inexpensive determination of every action and proceeding".

B.  Defendant, by counsel, continues to claim that Wise County Social Services is *non sui juris*. Defendant states that the Plaintiff's "relies on Virginia Code section 8.01-300" but does not make mention that the Plaintiff relies also on Virginia Code 63.2-300, 63.2-313, 63.2-332, and 63.2-319. Virginia Code 63.2-300 creates a Local Board of Social Services within each County via a Local government. Virginia Code 63.2-313 then grants each Local board the power to "administer the applicable provisions of this title [63.2 Welfare (Social Services)] in their respective counties and cities". In continuation, 63.2-332 states "the local director, in addition to the functions, powers and duties conferred and imposed by other provisions of law, shall have the powers and perform the duties contained in this title [63.2 Welfare (Social Services)]". In keeping with the policy and law enforcing power of each local board and supervisor, Child welfare and other services are directly maintained by the local board, of which the Local director serves as Secretary (VA Code 63.2-332): *"Each local board shall provide, either directly or through the purchase of services...child welfare services...".* With so much decision making power granted to the local board, local director and employees of the local department of social services, it would be inappropriate to completely remove them from responsibility for their actions. Therefore, they are "subject to suit as an entity separate from the Commonwealth" (VA Code 8.01-300). They have

their own insurance liability and borrow from the Commonwealth what they lack in financial resources. If this Honorable Court determines otherwise, and asserts that the Plaintiff could not sue a local Department of Social Services without the State being a party, Plaintiff contends that it would <u>not</u> be appropriate to "dismiss with prejudice" as the Defendant pushes. Plaintiff contends that it would be more appropriate, pursuant to Rule 19, for the court to order the Plaintiff to join in the Virginia State Department of Social Services as a party.

Notwithstanding, there are plenty of cases that have been heard in the 4th district where the local department of social services has been sued independently as an entity separate from the Commonwealth. Plaintiff asserts that this Honorable Court has ample knowledge of these cases and it would be superfluous to cite each of them in this Memorandum.

C.   Defendant, by counsel, continues to assert that the Plaintiff has not pleaded properly. Plaintiff denies that and reasserts all her claims in the Motion to Strike. Plaintiff re-asserts that she has pleaded properly according to Rule 8 and 10.

Further, Defendant cites *Brock v. US Steel Corp.* to claim that *Conley v. Gibson* is no longer relevant. Defendant uses the quotation, "<u>abrogated the rule</u> established in *Conley v. Gibson*" (emphasis added). Again, this quotation fails to establish that *Conley v. Gibson* in its <u>entirety</u>

is irrelevant. This quotation only further reiterates what the Plaintiff claimed in her Motion to Strike: the "no set of facts" rule was overturned, not the entire case (paragraph (1)(a)). The Court stated: *"But the passage so often quoted fails to mention this understanding on the part of the Court and after puzzling the profession for 50 years—this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint"* (emphasis added) (*Bell Atl. Corp. v. Twombly*). The phrase was the "no set of facts" phrase which the Court said was often isolated to support a pleading standard. Just above the injunction to forget the phrase was the statement that: *"This 'no set of facts' language can be read in isolation...and the Court of Appeals appears to have read Conley in some such way..."* (*Bell Atl. Corp. v. Twombly*).

Additionally, Defendant quotes *Slomnicki v. City of Pittsburgh* stating. *"The Defendant's.....incorporate[s]...the Conley v. Gibson 'relief under any set of facts' standard. This standard has been rejected by the Supreme Court and has been replaced...."* (emphasis added). This quotation fails to prove the Defendant's assertion that *Conley v. Gibson* in its entirety has been overruled. The quotation chosen by the Defendant demonstrates only that the "any set of facts" is not acceptable anymore. However, the Plaintiff, in her Motion to Strike did not say that "any set of

facts" was acceptable. The Plaintiff, in her Motion to Strike, stated that *Conley* states a claimant is <u>not</u> required to "set out <u>in detail</u> the facts upon which he basis his claim" (paragraph (1)(b))(emphasis added). Plaintiff asserts that the Court still found *Conley v. Gibson* relevant because in *Bell Atl. Corp. v Twombly*, the Court re-iterated that a complaint "need not <u>detailed</u> factual allegations" (emphasis added) (*Bell Atl. Corp v. Twombly* quoting Sanjuan v American Bd. of Psychiatry and Neurology, Inc. 40 F. 3d 247, 251 (CA7 1994). Both the Court opinions in *Conley v. Gibson* and *Bell Atl. Corp. v. Twombly* emphasize that the original Complaint need not be <u>detailed</u>.

The Defendant's belief that a new case overturns <u>everything</u> stated in an older Court opinion, whether specifically stated by the Court or not, is his own legal conclusion, not fact or law. The Defendant has not demonstrated anywhere that the Court ever stated in *Bell Atl. Corp. v. Twombly* or *Ashcroft v. Iqbal* that <u>everything</u> the Court said in *Conley v. Gibson* is irrelevant now. The Defendant has not shown any legal basis or Federal law for disregarding *Conley v. Gibson* in its <u>entirety</u>.

Further, Defendant continues to call the Plaintiff's factual allegations "legal conclusions". Plaintiff denies that is true and re-asserts everything stated in her Motion to Strike. The actions of a First and Fourth Amendment violation share the same terms when describing factual allegations as well as matters of law. The same English words must be used

to describe the actions of a First and Fourth Amendment violation as well as matters of law concerning them. Contrary to what the Defendant claims, The Plaintiff has given more than just "date and the identity". All the Plaintiff's paragraphs are factual *actions*, without giving away evidentiary facts unnecessarily. The Defendant is trying to fish for and ask for evidentiary facts in order to help his clients. Plaintiff is not obligated to give evidentiary facts. An original Complaint "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" (*Bell Atl. Corp v. Twombly*). Indeed, the Plaintiff "<u>need not detailed factual allegations</u>" because the "Plaintiff receives the benefit of imagination so long as the hypotheses are consistent with the Complaint" (*Bell Atl. Corp v. Twombly* quoting Sanjuan v American Bd. of Psychiatry and Neurology, Inc. 40 F. 3d 247, 251 (CA7 1994).

D.  Defendant, by counsel, claims that not directly stating liability in the direct terms he thinks it should be stated in is a "fatal deficiency". The Plaintiff contends that if this Honorable Court determines that the Plaintiff's pleading need be more direct in imputing liability at the Complaint stage that it would be more appropriate for the Court to allow the Plaintiff to amend her original complaint rather than to dismiss the case with or without prejudice.

Notwithstanding, the Plaintiff asserts that she has alleged facts that will point to an official policy or custom, an omission and a practice under

the color of law. Plaintiff pleaded in her complaint that the Wise County Department of Social Services "attempted to use fear and intimidation to gain entry into my home" and again also stated "they searched me for frivolous and unreasonable allegations". The <u>details</u> of how these factual allegations are an official policy or custom, an omission and a persistent practice with the color of law would fall under <u>evidentiary</u> facts at the Discovery phase. Again, the Plaintiff contends that the way the Defendant is trying to find error with how the Plaintiff has structured her Complaint is really a tactic to fish for evidentiary facts at the Complaint stage in order to gain an advantage for his clients.

Respectfully submitted

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, Virginia 23218
540.692.2342
mscottw@gmu.edu

## CERTIFICATE OF SERVICE

I, Melinda Scott, Plaintiff *pro-se* in the above named case, do state under Oath that I have mailed a copy of this Reply Memorandum to the Defendant, by council to: Christopher S. Dadak, Guynn & Waddell, P.C., 415 S. College Avenue, Salem, Virginia, 24153 on this 17th day of July, 2017.

Respectfully,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, Virginia
540.692.2342
mscottw@gmu.edu