```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF VIRGINIA
            BIG STONE GAP DIVISION
```

| | | |
|---|---|---|
| MELINDA SCOTT, | ) | |
| Plaintiff, | ) | Case No. 2:17CV00006 |
| v. | ) | **OPINION** |
| WISE COUNTY DEPT. OF SOCIAL SERVICES, ET AL., | ) | By: James P. Jones<br>United States District Judge |
| Defendants. | ) | |

*Melinda Scott, Pro Se Plaintiff; Christopher S. Dadak, Guynn & Waddell, P.C., Salem, Virginia, for Defendant Wise County Department of Social Services; W. Bradford Stallard, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant City of Norton Department of Social Services.*

The plaintiff in this case, proceeding pro se, asserts claims against the Wise County Department of Social Services and the City of Norton Department of Social Services based on alleged violations of her Fourth Amendment rights. Both defendants have moved to dismiss for failure to state a claim. Because I find that the Complaint fails to state a viable claim against these defendants, I will grant the motions to dismiss.

I.

In her Complaint, he plaintiff alleges that the City of Norton Department of Social Services ("Norton DSS") entered her residence without a search warrant. She further alleges that on three occasions, the Wise County Department of Social

Services ("Wise County DSS") refused to show her a search warrant in order to enter her home. She asserts that Wise County DSS "attempted to use fear and intimidation in order to get [her] to open the door and grant them entry into [her] home." Compl. 4, ECF No. 3. The plaintiff avers that Wise County DSS searched her home based on frivolous and unreasonable allegations and investigated her for asserting her religious liberties. She seeks damages in the amount of $200,000, as well as an injunction prohibiting the defendants from entering her home without a search warrant and from investigating her for exercising her religious liberties. Both defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, among other things, that they are not entities subject to suit and that the plaintiff has not adequately pled a claim of municipal liability.

II.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint. . . ." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). In ruling on a motion to dismiss, the court must regard as true all of the factual allegations contained in the complaint, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and must view those facts in the light most

favorable to the plaintiff. *Christopher v. Harbury,* 536 U.S. 403, 406 (2002). Where the plaintiff is proceeding without a lawyer, the court has an obligation to construe the complaint liberally. *See Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977).

Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

Though the Complaint does not expressly reference the statute, the plaintiff's claims can be construed as claims brought under 42 U.S.C. § 1983 for violation of her constitutional rights.[1] Section 1983 permits an aggrieved party to

---

[1] In the Complaint, the plaintiff asserts that this court has jurisdiction over this case because the defendants are government defendants. Although the defendants are not federal government agencies, I find that this court has federal question jurisdiction because the plaintiff's claims arise under the Constitution and a federal statute. *See* 28 U.S.C. § 1331.

file a civil action against a person for actions taken under color of state law that violated her constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To prove that a governmental entity is liable under § 1983 for constitutional violations committed by its employees, the plaintiff must show that the entity's policy was "the moving force of the constitutional violation." *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Here, the plaintiff has alleged no facts tending to show that the actions of unidentified employees of Norton DSS or Wise County DSS were carried out pursuant to any official policy. Therefore, I will grant the defendants' motions to dismiss.

The defendants also argue that they are not entities subject to suit under Virginia law. Two years ago, I held that the Russell County Department of Social Services and its Board were entitled to sovereign immunity under the Eleventh Amendment. *Kincaid v. Anderson*, No. 1:14CV00027, 2015 WL 3546066, at *3 (W.D. Va. June 8, 2015). Though the defendants do not specifically couch their argument in terms of Eleventh Amendment immunity, Norton DSS asserts that

4

"[a]s a creature of state law, it is improperly named as a party." Mem. Supp. Mot. Dismiss 4, ECF No. 21. For the reasons stated in *Kincaid*, I find that both of the defendants named in this case are entitled to sovereign immunity. Therefore, amendment of the Complaint would be futile, and I will dismiss the Complaint with prejudice.

III.

For the foregoing reasons, the Motions to Dismiss (ECF Nos. 17 and 20) will be granted. A separate Order will be entered herewith.

ENTER: August 11, 2017

/s/ James P. Jones
United States District Judge